[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte. It has come to the court's attention that the order from which this appeal is taken is not final and appealable and, therefore, this court has no jurisdiction to entertain this appeal.
Appellant, Douglas W. Isaacson, has appealed from the trial court's decision which granted Mr. and Mrs. Isaacson a divorce, awarded spousal support to Mrs. Isaacson, awarded shared parenting between the parties, ordered the parties to enter into post-divorce counseling to learn better communication skills, and divided most of the marital property of the parties. As to Mr. Isaacson's pension plan, the parties submitted a joint evaluation of the value of the pension as of April 12, 2000. The court stated that there are many unknown, future variables which will effect the actual value of the pension at the time Mr. Isaacson retires, e.g., how long he will work and his future annual wage. Thus, the court found that while it would like to make a present and definitive decision as to the division and value of the pension, it did not seem equitable to do so. The trial court stated:
 "[T]he court will retain jurisdiction over the husband's interest in Police and Firemen's Disability and Pension Fund of Ohio and make its determination upon husband's retirement as a firefighter.
 "When and if through legislative changes, husband's pension can be subject to a QDRO that adequately protects the wife's interests, the court expects the parties to cooperate in preparing such a QDRO.
"* * *
"IT IS ORDERED THAT: * * *
 "The court retains jurisdiction over the husband's interest in the Police and Firemen's Disability and Pension Fund of Ohio; * * * and the husband and the husband's estate is enjoined from receiving any retirement benefits until further order of this court[.]"
Since this judgment entry disposes of fewer than all of the issues in this divorce, namely, Mrs. Isaacson's claim to a portion of her husband's pension benefit has not been disposed of, the entire judgment entry is not final pursuant to Civ.R. 54(B), which states:
 "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
If the trial court judge in this case had made a Civ.R. 54(B) determination that there is no just reason for delay, then, but for Civ.R. 75(F), all orders in the May 14, 2001 judgment concerning issuesother than the pension issue would have been final and reviewable by this court. However, Civ.R. 75(F) places a restriction on the use of Civ.R. 54(B) in divorce, annulment, and legal separation actions. That rule states, in pertinent part:
 "Rule 75 Divorce, annulment, and legal separation actions
"(A) * * *
 "(F) Judgment. * * * For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
 "(1) The judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children[.]" (Emphasis added.)
The staff note accompanying the enactment of the 1998 amendment of this rule states:
 "Division (F) was amended to require that the final judgment in a domestic relations case include all
relevant claims except the domestic violence protection order; divorce, property settlement, and parental rights and responsibilities. * * *" (Emphasis added.)
Thus, a trial court judge may not use Civ.R. 54(B) to make some portions of a divorce judgment entry final if that judgment entry does not "divide the property of the parties." We hold that if, in a divorce judgment entry, a trial court judge retains jurisdiction over any portion of the division of marital property, that judgment does not "divide the property" for purposes of Civ.R. 75(F)(1).
This court understands the difficulty facing domestic relations judges in dealing with the division of governmental pension funds in light of the holding in Erb v. Erb (1996), 75 Ohio St.3d 18, reconsideration denied (1996), 75 Ohio St.3d 1452 that there can be no outright distribution of these pension funds. Fortunately, the 123rd General Assembly passed H.B. 535 which, effective January 1, 2002, amends R.C. Chapters 742 and 3105 so that pension funds such as the Police and Firemen's Disability and Pension Fund of Ohio now allow for QDROs. SeeErb v. Erb (2001), 91 Ohio St.3d 503.
Upon regaining jurisdiction over this case which we are now dismissing, the trial court is free to fashion a QDRO to dispose of the pension division problem and make this divorce final and appealable.
Accordingly, this case is dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.